%JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MARC A. KOPPLE

### DEFENDANTS
AR RESOURCES, INC., DOES 1 THROUGH 10

(b) County of Residence of First Listed Plaintiff: **Philadelphia, PA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Montgomery County, PA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kalikhman & Rayz, LLC 1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006 (215) 364-5030

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§ 1692 et seq.
Brief description of cause:
FDCPA Claim

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 10/27/14
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o Kalikhman & Rayz, LLC 1051 County Line Road, Suite "A" Huntingdon Valley, PA 19006

Address of Defendant: P.O. Box 1056 Blue Bell, PA 19422

Place of Accident, Incident or Transaction: Philadelphia County
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
   (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 15 U.S.C. § 1692 et seq.

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, __Eric Rayz, Esq._____, counsel of record do hereby certify:
   ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
   ☒ Relief other than monetary damages is sought.

DATE: __10/27/14__   _____   87976
                     Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __10/27/14__   _____   87976
                     Attorney-at-Law   Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| KOPPLE | : | CIVIL ACTION |
| v. | : | |
| AR RESOURCES, INC., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

| 10/27/14 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 364-5030 | (215) 364-5029 | erayz@kalraylaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC A. KOPPLE individually, and on behalf of all others similarly situated<br><br>Plaintiff(s)<br><br>v.<br><br>AR RESOURCES, INC.; and DOES 1 through 10, inclusive,<br><br>Defendant(s) | **Class Action Complaint**<br><br>Civil Action No.<br><br>Jury Trial Demanded |

Plaintiff Marc A. Kopple ("Plaintiff") on behalf of himself individually, and on behalf of all others similarly situated, alleges as follows:

## I.     INTRODUCTION

1. This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692 et seq.

2. In effectuating the FDCPA, Congress sought to limit the tactics a debt collector could use. Despite these plain truths, Defendant (defined herein) used inappropriate tactics to collect Plaintiff's debt.

3. Upon information and belief, Defendant used these very same tactics across the country against hundreds, if not thousands, of individuals who, fall within the ambit of the protections of the FDCPA.

4. Absent this action, Defendant's inappropriate tactics would continue unabated.

## II.     THE PARTIES

5. Plaintiff is an adult individual citizen of the Commonwealth of Pennsylvania.

1

Plaintiff resides in Philadelphia County.

6. Plaintiff is a "consumer," as that term is defined and/or contemplated within the scope of FDCPA.

7. Defendant AR RESOURCES, INC. (hereinafter "Defendant") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and is engaged in the business of debt collection within the Commonwealth of Pennsylvania.

8. Indeed, on its own website, http://www.arresourcesinc.com/, Defendant describes itself as follows:



See http://www.arresourcesinc.com/, last visited on October 24, 2014.

9. Upon information and belief, Defendant is organized under the laws of the Commonwealth of Pennsylvania and maintains its principal place of business address at P.O. Box 1056 Blue Bell, PA 19422.

10. Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 10, but will seek leave to amend this complaint once their identities become

known to Plaintiff. Upon information and belief, Plaintiff alleges that at all relevant times each defendant, including the DOE defendants 1 through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship.

11. Unless otherwise specified, Plaintiff will refer to all defendants collectively as "Defendant" and each allegation pertains to each Defendant.

12. Defendant is a "debt collector," as that term is defined and/or contemplated within the scope of FDCPA, and operates its debt collection enterprise from the same address.

13. Defendant uses instrumentalities of interstate commerce and mail in a business, whose principal purpose is collection of debts and/or regularly collects (or attempts to collect), directly or indirectly, debts owed or due or asserted to be owed or due another.

14. At all times material hereto, Defendant acted and/or failed to act in person and/or through duly authorized agents, servants, workmen, and/or employees, acting within the scope and course of their authority and/or employment for and/or on behalf of Defendant.

### III.   JURISDICTION AND VENUE

15. This Honorable Court has jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337.

16. The Eastern District of Pennsylvania is the proper venue for this litigation, because:

    a. Plaintiff is a resident of the Eastern District of Pennsylvania and Defendant's wrongful conduct was directed to and was undertaken within the territory of the Eastern District of Pennsylvania; and

b.  Defendant conducts a substantial portion of its business in the Eastern District of Pennsylvania.

## IV.  STATEMENT OF CLAIMS

### A.  BACKGROUND

17. In November of 2013, Defendant sent Plaintiff a letter, dated November 4, 2013, regarding Plaintiff's alleged debt of $412.00. A true and correct copy of the letter is marked and attached hereto as Exhibit "A."

18. The debt at issue was incurred during the course of Plaintiff's personal medical treatment at Holy Redeemer Hospital.

19. The letter is a pre-printed form, designated by the sequence "BD6192-022-1791" that appears directly above Plaintiff's name in the bottom third of the document. Exhibit "A."

20. The letter was sent in a "glassine window" envelope and the sequence "BD6192-022-1791" was clearly visible through this window. Exhibit "A."

21. As disclosed in the letter itself, the sequence "BD6192" is the account number Defendant assigned to Plaintiff, which is used to identify Plaintiff in connection with Defendant's collection efforts. Exhibit "A."

22. Defendant disclosed Plaintiff's account number on the face of the envelopes Defendant used for letters sent to Plaintiff.

23. Section 1692f of the FDCPA provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

24. Section 1692(f)(8) specifically prohibits "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer."

25. The disclosure of Plaintiff's account number on the face of the envelope violated

4

Section 1692(f)(8).  See <u>Douglass, et al. v. Convergent Outsourcing</u>, ___ F.3d ___, 2014 WL 4235570 (3rd Cir., August 28, 2014).

26.    As described herein, Defendant's actions violated the applicable provisions of the FDCPA.

27.    Defendant's conduct, as alleged herein, is (and was) deliberate, intentional, reckless, willful, and wanton.

28.    Defendant's conduct, as alleged herein, is unfair, misleading, deceptive, and unconscionable.

29.    Plaintiff and the Classes he seeks to represent have been (and will continue to be) harmed due to Defendant's conduct, as set forth herein.

30.    Plaintiff and the Classes he seeks to represent have suffered and will continue to suffer damages due to Defendants' conduct, as set forth herein.

## CLASS ACTION ALLEGATIONS

31.    Plaintiff brings this action on behalf of himself and two classes of similarly-situated individuals pursuant to Fed.R.Civ.P. 23.

32.    Plaintiff also brings this action as a nationwide class action for Defendant's violations of the FDCPA on behalf of the following class of individuals: all natural persons in the United States, who were sent a letter from Defendant with an account number visible on the face of the envelope, during the statutory period covered by this Complaint (the "FDCPA Class").

33.    The number of individuals in the FDCPA Class is so numerous that joinder of all members is impracticable.  The exact number of members of in the Class can be determined by reviewing Defendant's records.  Plaintiff is informed and believes and thereon alleges that there are over a hundred individuals in each of the defined Class.

34. Plaintiff will fairly and adequately protect the interests of the Class, and has retained counsel that is experienced and competent in class action and employment litigation. Plaintiff has no interests that are contrary to, or in conflict with, members of the Class.

35. A class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

36. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Further, absent these actions, members of the Class likely will not obtain redress of their injuries, and Defendant will retain the proceeds of their violations of the FDCPA. In addition, Defendant is likely to continue to violate this statute.

37. Furthermore, even if any member of the Class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class and provide for judicial consistency.

38. There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole. The questions of law and fact common to the Class predominate over any questions affecting solely individual members of the action. Among the common questions of law and fact are:

    a. Whether Defendant disclosed debtor's account numbers on the face of the mailing envelope;

    b. Whether Defendant violated 15 U.S.C. § 1692f; and

.
.

      c.      Whether Plaintiff and the members of the Class have sustained damages and, if so, the proper measure of damages.

39. Plaintiff's claims are typical of the claims of members of the Class. Plaintiff and members of the Class have sustained damages arising out the same wrongful and uniform practices of Defendant.

40. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

### COUNT I
### FDCPA

41. Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

42. Defendant is a "debt collector" as that term is defined under the FDCPA.

43. An attempt to collect upon a debt incurred during the course of personal medical treatment falls within the scope of the FDCPA. See Adams v. Law Offices of Stuckert & Yates, 926 F.Supp 521 (E.D.Pa. 1996); see also Pipiles v. Credit Bureau, Inc., 886 F.2d 22 (2nd Cir. 1989).

44. As described herein, the actions of the Defendant violates the applicable provisions of the FDCPA.

45. Defendant's violations with respect to its collection efforts, include but are not limited to, the following:

      a.      Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f; and

      b.      Using language or symbols, other than the debt collector's address, on envelopes when communicating with a consumer, in violation of 15

U.S.C. § 1692f(8).

46. As result of Defendant's violations of the FDCPA, Plaintiff and the members of the FDCPA Class have suffered damages in an amount to be determined at trial.

## V. CLAIM FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for:

(a) A Declaration that Defendant has violated the applicable provisions of the FDCPA;

(b) An Order designating this action as a class action pursuant to Fed.R.Civ.P. 23;

(c) An Order appointing Plaintiff and his counsel to represent the Class(es);

(d) An Order enjoining Defendant from any further violations of the FDCPA;

(e) Actual damages;

(f) Statutory damages;

(g) Attorneys' fees and costs; and

(h) Such other relief as the Honorable Court shall deem just and appropriate.

## VI. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

**(SIGNATURES ON THE NEXT PAGE)**

8

Date: October 27, 2014            Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

_____
Arkady "Eric" Rayz
Demetri A. Braynin
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone:  (215) 364-5030
Facsimile:  (215) 364-5029
E-mail: erayz@kalraylaw.com
E-mail: dbraynin@kalraylaw.com

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III
Robert J. Gray
2200 Renaissance Blvd., Suite 308
King of Prussia, PA 19406
Telephone:  (610) 822-3700
Facsimile:  (610) 822-3800
Email: gwells@cwg-law.com
Email: rgray@cwg-law.com

Counsel for Plaintiff(s) and the Proposed Class(es)

# EXHIBIT "A"

# AR Resources, Inc.
PO Box 1056 • Blue Bell, PA 19422
(866) 301-0222

Nov 4, 2013

MARC A KOPPLE

| Creditor | Account # | Regarding | Amt Owed |
|---|---|---|---|
| HOLY REDEEMER HOSPITAL | | HOLY REDEEMER HOS | 412.00 |

Please be advised, our client, HOLY REDEEMER HOSPITAL PHYS., ECW, has referred your account to us for liquidation. This communication is from a debt collector and is an attempt to collect a debt.

To avoid further collection activity, please remit payment in full of $412.00 directly to:

AR Resources, Inc.
PO Box 1056
Blue Bell PA 19422-0287

If you would like to pay by phone, please notify us at (866) 301-0222. You may also visit us at WWW.ARRESOURCESINC.COM to make a payment online. Your pin number is ▮. Please reference our account number ▮ on all correspondence.

If you wish to pay by credit card, complete the credit card information below, tear off and return in the enclosed envelope. A $5.00 convenience fee should be added to all transactions. No fees applied to mailed checks or money orders. If you carry any insurance that may cover this obligation, please contact our office at the toll free number above.

**This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request from this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This communication is from a debt collector.**

*** Please detach below and return in the enclosed envelope with your payment ***

Y14FC3BEB4

PO Box 505
Linden MI 48451-0505
ADDRESS SERVICE REQUESTED

IF YOU WISH TO PAY BY CREDIT CARD, CIRCLE ONE AND FILL IN THE INFORMATION BELOW.

MasterCard  VISA  DISCOVER  AMERICAN EXPRESS

| CARD NUMBER | EXP. DATE |
| CARD HOLDER NAME | CVV |
| SIGNATURE | AMOUNT PAID |

Re: HOLY REDEEMER HOSPITAL
Account Number: ▮
Total Due: $412.00

0008120024010445594519116280408-1YA1--Y14FC3BEB4 1791

MARC A KOPPLE



AR Resources, Inc.
PO Box 1056
Blue Bell PA 19422-0287

